1  C. Robert Boldt (S.B.N. 180136)
   robert.boldt@kirkland.com
2  David I. Horowitz (S.B.N. 248414)
   david.horowitz@kirkland.com
3  KIRKLAND & ELLIS LLP
   333 South Hope Street
4  Los Angeles, California 90071
   Telephone: (213) 680-8400
5  Facsimile: (213) 680-8500

6  Brant W. Bishop, P.C. (*pro hac vice*)
   brant.bishop@kirkland.com
7  Tyler D. Mace (*pro hac vice*)
   tyler.mace@kirkland.com
8  Peter A. Farrell (*pro hac vice*)
   peter.farrell@kirkland.com
9  KIRKLAND & ELLIS LLP
   655 Fifteenth Street, N.W.
10 Washington, D.C. 20005
   Telephone: (202) 879-5000
11 Facsimile: (202) 879-5200

12 *Attorneys for Defendants*
   *Siemens AG; Siemens Power Transmission and*
13 *Distribution, LLC; and Siemens Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LAUREN SUN,<br><br>    Plaintiff,<br><br>vs.<br><br>SIEMENS AG; SIEMENS POWER TRANSMISSION AND DISTRIBUTION, LLC; SIEMENS CORPORATION USA; VELPANUR RAMASWAMI; AND DOES 1 THROUGH 50, inclusive,<br><br>    Defendants. | CASE NO. CV 10-00174 SJO (SHx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SIEMENS AG, SIEMENS POWER TRANSMISSION AND DISTRIBUTION, LLC, AND SIEMENS CORPORATION'S MOTION TO STRIKE (CAL. CIV. PROC. CODE § 425.16)**<br><br>The Hon. S. James Otero<br><br>Hearing Date: April 26, 2010<br>Time:          10:00 a.m.<br>Courtroom:  1 - 2nd Floor |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................ii

INTRODUCTION ..................................................................................................1

FACTUAL BACKGROUND..................................................................................2

ARGUMENT ..........................................................................................................4

I. THE ANTI-SLAPP STATUTE APPLIES TO PLAINTIFF'S FALSE-LIGHT CLAIM..................................................................................5

    A. Plaintiff's Claim Is Based on an Alleged Publication Made in Connection with an Issue Under Consideration in Executive, Judicial, and Other Official Proceedings. ...........................5

    B. Plaintiff's Claim Is Based on an Alleged Publication Made in Furtherance of the Siemens Defendants' Constitutional Right to Speak About Issues of Public Interest or Concern. ................6

II. PLAINTIFF CANNOT DEMONSTRATE A PROBABILITY OF PREVAILING ON HER FALSE-LIGHT CLAIM.........................................7

    A. California's Litigation Privilege Bars Plaintiff's False-Light Claim. ....................................................................................................8

    B. California's Common-Interest Privilege Bars Plaintiff's False-Light Claim.................................................................................10

    C. Plaintiff's False-Light Claim Is Time-Barred.....................................12

CONCLUSION.....................................................................................................12

# TABLE OF AUTHORITIES

Page

**Cases**

*Abraham v. Lancaster Cmty. Hosp.*,
  266 Cal. Rptr. 360 (Ct. App. 1990) ...................................................................9, 10

*Beilenson v. Superior Court*,
  52 Cal. Rptr. 2d 357 (Ct. App. 1996) ..........................................................................7

*Briggs v. Eden Council for Hope & Opportunity*,
  19 Cal. 4th 1106, 969 P.2d 564 (1999)....................................................................4, 5

*Bylin Heating Sys., Inc. v. M&M Gutters, LLC*,
  No. 2:07-CV-00505, 2008 WL 744706
  (E.D. Cal. Mar. 18, 2008) ........................................................................................9, 10

*Cabanas v. Gloodt Assocs.*,
  942 F. Supp. 1295 (E.D. Cal. 1996) ...............................................................7, 8, 11

*Cain v. State Farm Mut. Auto. Ins. Co.*,
  132 Cal. Rptr. 860 (Ct. App. 1976) ................................................................................12

*Cort v. St. Paul Fire & Marine Ins. Cos.*,
  311 F.3d 979 (9th Cir. 2002) .......................................................................................7

*Costa v. Superior Court*,
  204 Cal. Rptr. 1 (Ct. App. 1984) ...............................................................................8, 9

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*,
  54 Cal. Rptr. 2d 830 (Ct. App. 1996) ...............................................................................5

*eCash Techs., Inc. v. Guagliardo*,
  127 F. Supp. 2d 1069 (C.D. Cal. 2000) .........................................................................3

*Family Home & Finance Ctr., Inc. v.
  Fed. Home Loan Mortgage Corp.*,
  525 F.3d 822 (9th Cir. 2008) ......................................................................................11

*Greenly v. Sara Lee Corp.*,
  No. Civ. S-06-1775, 2008 WL 1925230
  (E.D. Cal. Apr. 30, 2008).............................................................................................8

*Grimes v. Carter*,
  50 Cal. Rptr. 808 (Ct. App. 1966) ................................................................................8

*Homayun v. Portobello Residential Owners Ass'n*,
  Nos. A116929, A117835, 2008 WL 2917830
  (Cal. Ct. App. July 30, 2008).......................................................................................7

*Kashian v. Harriman*,
  120 Cal. Rptr. 2d 576 (Ct. App. 2002) ..........................................................5, 7, 10, 11

*Maranatha Corrections, LLC v. Dept. of Corrections & Rehabilitation*,
 70 Cal. Rptr. 3d 614 (Ct. App. 2008) ........................................................................ 6, 7

*Neville v. Chudacoff*,
 73 Cal. Rptr. 3d 383 (Ct. App. 2008) ...................................................................... 4, 5, 6

*Robertson v. Rodriguez*,
 42 Cal. Rptr. 2d 464 (Ct. App. 1995) ............................................................................ 7

*Rubin v. Green*,
 4 Cal. 4th 1187,
 847 P.2d 1044 (1993) .................................................................................................. 8

*United States* ex rel. *Newsham v. Lockheed Missiles & Space Co.*,
 190 F.3d 963 (9th Cir. 1999) ..................................................................................... 2, 5

*Warfield v. Peninsula Golf & Country Club*,
 262 Cal. Rptr. 890 (Ct. App. 1989) ............................................................................... 8

*Yokohama Rubber Co. v. South China Tire & Rubber Co.*,
 No. CV 04-1866, 2005 WL 6124310
 (C.D. Cal. Jan. 19, 2005) ......................................................................................... 9, 10

**Statutes**

Cal. Civ. Code § 47(b) ............................................................................................... 8, 9

Cal. Civ. Code § 47(c) ............................................................................................. 10, 11

Cal. Civ. Proc. Code § 340(c) ......................................................................................... 12

Cal. Civ. Proc. Code § 425.16(a) ..................................................................................... 4

Cal. Civ. Proc. Code § 425.16(b)(2) ............................................................................. 3, 5

Cal. Civ. Proc. Code § 425.16(c) ..................................................................................... 2

Cal. Civ. Proc. Code § 425.16(e)(2) ................................................................................ 5

Cal. Civ. Proc. Code § 425.16(e)(2),(4) .......................................................................... 4

Cal. Civ. Proc. Code § 425.16(e)(4) ................................................................................ 5

Cal. Civ. Proc. Code. § 425.16(b)(1) ............................................................................... 4

Civ. Proc. Code § 425.16 ............................................................................................. 1, 4

# INTRODUCTION

Plaintiff Lauren Sun complains that Siemens cast her in a false light when it told various people in China that she paid bribes to Chinese government officials in connection with Siemens AG's bids on public power-transmission projects there. She claims Siemens did so to deflect blame for its own conduct, including conduct then under investigation by United States authorities. At bottom, Sun's claim of false light implies, without actually identifying any specific instance, that Siemens published statements about her that are indistinguishable from statements the SEC made about Plaintiff in its complaint against Siemens AG.

*First*, as discussed in section I, below, California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, requires the Court to strike any claim that relates to (i) a statement made in connection with an official proceeding (including, as here, investigations by law-enforcement agencies) or (ii) the exercise of First Amendment rights. Plaintiff's false-light claim falls within both categories. That being so, Sun must now demonstrate that her claim is legally viable using admissible evidence.

*Second*, as discussed in section II, below, Plaintiff cannot meet her burden under the anti-SLAPP statute because her false-light claim suffers from at least three legal flaws. California's litigation privilege bars Plaintiff's claim, as section II.A discusses. The Complaint and the documents on which it relies (in particular, charging documents from the DOJ and the SEC) establish that the government had begun its law-enforcement investigation of Siemens AG by the time Siemens allegedly cast Plaintiff in a false light. Statements by Siemens related to the DOJ and the SEC's investigation of whether Plaintiff was involved in suspected corruption in China lie within California's litigation privilege, shielding Siemens from any liability based on statements to the government or other interested individuals.

California's common-interest privilege also bars Plaintiff's claim, as discussed in section II.B, below. The allegation that Siemens cast Plaintiff in a false light to "others in the same personal and business circles and related industries" (Compl. ¶ 60)

establishes that the recipients of the purported publication shared a common interest in Plaintiff's potentially improper conduct. The common-interest privilege thus bars Plaintiff's claim in the absence of a particular showing by Plaintiff of malice or lack of justification.

Finally, the one-year statute of limitations for false-light causes of action bars Plaintiff's claim, as discussed in section II.C, below. The Complaint alleges that Siemens published false information about Plaintiff before her June 12, 2007 resignation, more than one year before she filed her original complaint on July 30, 2009.

This Court should strike Plaintiff's false-light claim and order Plaintiff to pay the Siemens Defendants' costs in bringing this motion.[1]

## FACTUAL BACKGROUND

Plaintiff's claims relate to her work for Siemens AG in connection with its bids to build high-voltage power-transmission lines in China for the Chinese government. (*See* Compl. ¶ 18.) The Complaint alleges that Plaintiff's business relationship with Siemens AG began in 2002, when it engaged Plaintiff as a business consultant for its bid on the "Gui Zhou-To-Guang Dong-Line 1" project. (*See id.* ¶ 25.) Plaintiff's relationship with Siemens AG continued for several years and allegedly included its bids on the "Gui Zhou-To-Guang Dong-Line 2" project, the "Ling Bao" project, and—beginning in January 2006—the "Yun Guang HVDC" and "Xilou Du HVDC" projects. (Compl. ¶¶ 33, 42, 48.)

In November 2006, the Munich Public Prosecutor's Office raided Siemens AG in Germany as part of an investigation of possible foreign corruption. (*Id.* ¶ 58; Ex. C at 11.) Soon thereafter, Siemens AG began extensive disclosures about its sales to foreign governments to the DOJ and the SEC, which began a multi-year investigation

---

[1] *See* Cal. Civ. Proc. Code § 425.16(c) (requiring the court to award attorney's fees if it grants the defendant's motion to strike); *United States* ex rel. *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) (holding that § 425.16(c) applies in federal diversity actions).

2

of Siemens AG's conduct in China and other countries. (Ex. C at 11.) Siemens AG launched its own internal investigation and—as part of its "exceptional cooperation" with the U.S. and foreign governments—provided "substantial assistance" to the DOJ and the SEC "in the investigation of other persons and entities," undertaking "extraordinary efforts" to uncover relevant evidence. (*Id.* at 24-25.)

On June 12, 2007, Plaintiff resigned from her work for Siemens AG when, she alleges, "Defendants failed to pay Plaintiff her success commission on the 'Yun Guang HVDC' and 'Xilou Du HVDC' projects," and when, she says, Siemens "cast [her] in a false light to deflect blame away from Defendants onto Plaintiff for Defendants' own corrupt practices." (Compl. ¶ 24; Ex. B.) Plaintiff further alleges that those corrupt practices were the subject of law-enforcement investigations, litigation, and penalties in the United States and abroad. (Compl. ¶¶ 58-60.) The law-enforcement investigations in question at least included the DOJ's and SEC's FCPA enforcement actions, in which Siemens AG was a party. (Ex. C; Ex. D.)[2]

On December 12, 2008, the DOJ and the SEC charged Siemens AG with violating the books and records provisions of the FCPA. The charging documents included allegations related to bids on high-voltage power-transmission projects in China:

> Between 2002 and 2003, Siemens PTD [division] paid approximately $25 million in bribes to government customers in connection with two projects for the installation of high voltage transmission lines in South China. The total value of the projects was approximately $838 million. The payments were funneled through multiple intermediaries, including a Dubai-based business consulting firm controlled by a former Siemens PTD [division] employee and then paid to several entities associated with ***a Chinese business consultant who held a U.S. passport and maintained a U.S. residence***.

---

[2] The Court may consider materials beyond the Complaint in ruling on this anti-SLAPP motion to strike. *See* Cal. Civ. Proc. Code § 425.16(b)(2). Nevertheless, even under a 12(b)(6)-type analysis, the Court could consider documents on which the Complaint relies and documents subject to judicial notice. *See eCash Techs., Inc. v. Guagliardo*, 127 F. Supp. 2d 1069, 1075 n.7 (C.D. Cal. 2000) ("The Court may disregard allegations . . . if they are contradicted by facts established by reference to documents . . . upon which [a complaint] necessarily relies; further, the Court need not accept as true allegations that contradict facts which may be judicially noticed by the Court.").

3

(Ex. D at 40, 54, ¶¶ 9, 46 (emphasis added).) Plaintiff was that Chinese business consultant, which she acknowledged days later in an email to Siemens AG. (Ex. E.)

On July 30, 2009, Plaintiff filed her first complaint. After Plaintiff voluntarily dismissed her complaint pursuant to a tolling agreement, she refiled her claims and now seeks to hold Siemens liable for Siemens AG's alleged publication of statements related to—and substantively indistinguishable from statements made in— Siemens AG's joint investigation, cooperation, and litigation with the DOJ and the SEC.

## ARGUMENT

Cal. Civ. Proc. Code § 425.16 "provide[s] a procedural remedy to dispose of lawsuits that are brought to chill the valid exercise of constitutional rights." *Neville v. Chudacoff*, 73 Cal. Rptr. 3d 383, 387 (Ct. App. 2008). The statute permits a defendant to move to strike any cause of action that arises from an act in furtherance of the defendant's right of petition or free speech in connection with a public issue. *See* Cal. Civ. Proc. Code. § 425.16(b)(1). Such acts include (i) "any written or oral statement . . . made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law"; and (ii) "any other conduct in furtherance of the exercise of the constitutional right of petition or . . . free speech in connection with a public issue or an issue of public interest." *Id.* § 425.16(e)(2),(4). Because of the important constitutional and public-policy issues involved, courts construe the anti-SLAPP broadly. *See id.* § 425.16(a); *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1118-19, 969 P.2d 564, 572 (1999).

To apply the anti-SLAPP statute, the Court must first determine whether a plaintiff's claim arises from the protected activity of the defendant. *Neville*, 73 Cal. Rptr. 3d at 387. If so, the Court then asks whether the plaintiff "has demonstrated a probability of prevailing on the claim." *Id.* (quotation omitted). In so doing, the Court "shall consider the pleadings, and supporting and opposing affidavits stating the

facts upon which the liability or defense is based." *See* Cal. Civ. Proc. Code § 425.16(b)(2); *United States* ex rel. *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 971 (9th Cir. 1999) (holding that defendants in federal diversity actions may file anti-SLAPP motions to strike). The plaintiff must satisfy her burden with admissible evidence. *See Kashian v. Harriman*, 120 Cal. Rptr. 2d 576, 586 (Ct. App. 2002).

## I. THE ANTI-SLAPP STATUTE APPLIES TO PLAINTIFF'S FALSE-LIGHT CLAIM.

The statute applies to Plaintiff's false-light claim for at least two reasons. First, any publication of the information alleged in the Complaint relates to the issues under consideration by the DOJ and the SEC's law-enforcement investigation and the subsequent litigation. *See* Cal. Civ. Proc. Code § 425.16(e)(2). Second, any such publication is part of Siemens' constitutional right of free speech in connection with a public issue or an issue of public interest—namely, suspected corruption of public officials. *See id.* § 425.16(e)(4).

### A. Plaintiff's Claim Is Based on an Alleged Publication Made in Connection with an Issue Under Consideration in Executive, Judicial, and Other Official Proceedings.

Consistent with their broad construction of the anti-SLAPP statute, courts have concluded that many litigation- and law-enforcement-related activities fall within the anti-SLAPP statute. *See, e.g.*, *Briggs*, 969 P.2d at 570 ("[T]he statute requires simply ***any*** writing or statement made in, or in connection with an issue under consideration or review by, the specified proceeding or body."); *Neville*, 73 Cal. Rptr. 3d at 385-86 (applying statute to allegedly defamatory letter sent by corporate defendant to defendant's customers regarding plaintiff's illegal conduct and likely litigation); *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*, 54 Cal. Rptr. 2d 830, 834-35 (Ct. App. 1996) (applying statute to allegedly defamatory letter sent by defendant to defendant's business community, proposing that they join defendant in filing a complaint with state attorney general about plaintiff's improper conduct). The statement at issue need

1  not have been made *in* the relevant proceeding; rather, "[t]he statement . . . enjoys
2  protected status if it is connected either to an issue under review by one of the three
3  branches of government or to an official proceeding authorized by law."  *See*
4  *Maranatha Corrections, LLC v. Dept. of Corrections & Rehabilitation*, 70 Cal. Rptr.
5  3d 614, 621 (Ct. App. 2008) (emphasis omitted).  A sufficient connection exists if the
6  statement "relates to the substantive issues in the litigation and is directed to persons
7  having some interest in the litigation." *See Neville*, 73 Cal. Rptr. 3d at 391.

8        The anti-SLAPP statute applies here because the alleged publication was
9  directly connected to an issue under review by government authorities.  At the time,
10 the DOJ and the SEC were actively investigating possible corruption related to
11 Siemens AG's sales to foreign governments.  (Compl. ¶¶ 24, 59; Ex. C at 11.)  As a
12 consultant for Siemens AG, Plaintiff's conduct in connection with Chinese power-
13 transmission projects fell within the purview of those investigations, a fact the SEC
14 confirmed when it included in its complaint allegations about Plaintiff's involvement
15 in the matter.  (Ex. D at 54, ¶ 46.)  The connection between Plaintiff's claim and the
16 DOJ's and SEC's official proceedings against Siemens AG is plain on the face of the
17 government's charging documents.

18       The "others in the same personal and business circles and related industries" to
19 whom Plaintiff alleges publication was made have an interest in the government's
20 investigation "as potential witnesses to, or unwitting participants in, [Plaintiff's]
21 alleged misconduct," *see Neville*, 73 Cal. Rptr. 3d at 392, or simply because of the
22 public importance of the allegedly disclosed information.  Accordingly, the anti-
23 SLAPP statute applies to Plaintiff's false-light claim.

24       **B.   Plaintiff's Claim Is Based on an Alleged Publication Made in Furtherance of the Siemens Defendants' Constitutional Right to**
25       **Speak About Issues of Public Interest or Concern.**

26       The anti-SLAPP statute also applies to Plaintiff's claim because she seeks to
27 hold Siemens liable for allegedly speaking about issues of public concern.  Public
28 corruption is a quintessential matter of public concern.  *See, e.g.*, *Beilenson v.*

*Superior Court*, 52 Cal. Rptr. 2d 357, 359-60 (Ct. App. 1996) (holding that anti-SLAPP statute applied to libel claim based on statements that public official "ripped off" taxpayers through "a serious conflict of interest and breach of public trust"); *Robertson v. Rodriguez*, 42 Cal. Rptr. 2d 464, 466-69 (Ct. App. 1995) (affirming dismissal of defamation claim under anti-SLAPP statute where libel claim was based on statement accusing public official of illegal conduct); *Maranatha Corrections*, 70 Cal. Rptr. 3d at 622 ("[I]t cannot be doubted that the assertion by a state agency that a private contractor wrongfully withheld $1.6 million in taxpayer funds is a matter of concern and interest to the public."); *Homayun v. Portobello Residential Owners Ass'n*, Nos. A116929, A117835, 2008 WL 2917830, at *3, *6 (Cal. Ct. App. July 30, 2008) (holding that defendant's alleged statement accusing plaintiff "of paying a number of politicians . . . in order to retain their cabaret permit" was an issue of public concern under anti-SLAPP statute).

## II. PLAINTIFF CANNOT DEMONSTRATE A PROBABILITY OF PREVAILING ON HER FALSE-LIGHT CLAIM.

To demonstrate a probability of prevailing on her claim, Plaintiff must both establish that her claim is legally viable and support the claim with a *prima facie* showing of admissible evidence that would support a judgment in her favor. *See Kashian*, 120 Cal. Rptr. 2d at 586. "[I]n assessing the probability the plaintiff will prevail, the court considers only the evidence that would be admissible at trial." *Id.* at 587.

To establish false-light invasion of privacy, Plaintiff must show that Siemens caused "unreasonable and highly objectionable publicity" that attributed to her "characteristics, conduct or beliefs that are false, such that [she was] placed before the public in a false position." *See Cabanas v. Gloodt Assocs.*, 942 F. Supp. 1295, 1310 (E.D. Cal. 1996) (quotation omitted). Because the claim "requires the invasion of some type of privacy interest," *Cort v. St. Paul Fire & Marine Ins. Cos.*, 311 F.3d 979, 987 (9th Cir. 2002), "sufficient publicity" is an essential element of the tort,

1  *Cabanas*, 942 F. Supp. at 1310.  Plaintiff therefore must establish that Siemens'
2  alleged publication (rather than the U.S. government's public announcements or
3  charging documents) reached "the public in general or . . . a large number of persons
4  as distinguished from one individual or a few."  *See id.* (dismissing false-light claim
5  where allegedly false report "was only distributed to those individuals with a
6  professional interest in the [information]"); *Warfield v. Peninsula Golf & Country
7  Club*, 262 Cal. Rptr. 890, 898 (Ct. App. 1989).  For the same reason, only written
8  publications are actionable under the false-light cause of action because oral
9  communications—inherently limited in their reach—do not constitute a sufficient
10 invasion of privacy.  *See Greenly v. Sara Lee Corp.*, No. Civ. S-06-1775, 2008 WL
11 1925230, at *16 (E.D. Cal. Apr. 30, 2008) ("California law is well-settled that . . . oral
12 communications cannot substantiate an invasion of privacy/'false light' claim.");
13 *Grimes v. Carter*, 50 Cal. Rptr. 808, 811 (Ct. App. 1966) ("California adheres to the
14 proposition that the right of privacy may not be violated by word of mouth only.").
15 Unless Sun, then, can produce a writing that the Siemens Defendants published about
16 her, this Court should strike her false-light claim.

17    Sun's false-light claim also suffers from at least three legal flaws.

18 **A.    California's Litigation Privilege Bars Plaintiff's False-Light Claim.**

19   As California courts have recognized "[f]or well over a century,
20 communications with 'some relation' to judicial proceedings" are "absolutely immune
21 from tort liability."  *See Rubin v. Green*, 4 Cal. 4th 1187, 1193, 847 P.2d 1044, 1047
22 (1993).  The source of that absolute immunity is the California litigation privilege,
23 Cal. Civ. Code § 47(b), which "courts have given . . . an expansive reach." *Rubin*,
24 847 P.2d at 1047.  The privilege is absolute, meaning that it applies even to false or
25 malicious statements.  *See Costa v. Superior Court*, 204 Cal. Rptr. 1, 3 (Ct. App.
26 1984).  And like the anti-SLAPP statute, § 47(b) applies to a wide array of litigation-
27 and law-enforcement-related statements, including statements made to the police to
28 report suspected criminal activity and statements made in connection with actual or

1 anticipated litigation. *See, e.g.*, *v. Cal. Fed. Bank FSB*, 32 Cal. 4th 350, 368, 81 P.3d
2 244, 254 (2004).

3 But § 47(b) is not limited to statements made in court or directly to law-
4 enforcement authorities. *See, e.g.*, *id.* ("It is well settled that communications may be
5 privileged even when they occur outside any hearing or proceeding at which
6 procedural protections apply." (quotation omitted)). Its reach is much broader and
7 applies to any statement that had "some connection or logical relation to" a judicial
8 action or official proceeding. *See, e.g.*, *Costa*, 204 Cal. Rptr. at 3 ("The absolute
9 immunity attaches if . . . the publication (1) was made in a judicial proceeding; (2) had
10 some connection or logical relation to the action; (3) was made to achieve the
11 objectives of the litigation; and (4) involved litigants or other participants authorized
12 by law." (quotation omitted)). Courts thus apply the privilege even if the
13 communication at issue occurred outside the courtroom or official proceeding—
14 including, for example, a statement made to a third party with a substantial interest in
15 the proceeding. *See, e.g.*, *Abraham v. Lancaster Cmty. Hosp.*, 266 Cal. Rptr. 360, 377
16 (Ct. App. 1990); *Bylin Heating Sys., Inc. v. M&M Gutters, LLC*, No. 2:07-CV-00505,
17 2008 WL 744706, at *4 (E.D. Cal. Mar. 18, 2008) ("The litigation privilege
18 unequivocally applies to communications to third parties with a substantial interest in
19 the outcome of pending litigation."); *Yokohama Rubber Co. v. South China Tire &*
20 *Rubber Co.*, No. CV 04-1866, 2005 WL 6124310, at *3 (C.D. Cal. Jan. 19, 2005)
21 (holding that privilege applied to defendant's industry-wide press release because
22 "such recipients possess[ed] a substantial interest in the outcome of the pending
23 litigation" regarding defendant's products). Any doubts must be resolved in favor of
24 applying the privilege. *See Costa*, 204 Cal. Rptr. at 3.

25 Here, Siemens' alleged publication falls squarely within the litigation privilege.
26 The alleged information about Plaintiff was part of judicial and official proceedings
27 related to Siemens AG's activities in China, and the SEC included allegations about
28 Plaintiff's conduct in its complaint against Siemens AG. (*E.g.*, Ex. D at 54, ¶ 46.)

9

The local business community in particular had an obvious interest in knowing whether a business consultant who marketed "special unique . . . relationships [and] contacts" among Chinese government officials with authority to award public contracts (*id.* ¶ 18) had obtained that access through improper means.

*Abraham v. Lancaster Community Hospital* is directly on point. In *Abraham*, a party (the hospital) sought leave to join a member of the local business community (Abraham) as a defendant and to amend its pleadings to include allegations about Abraham's illegal acts. *Abraham*, 266 Cal. Rptr. at 364-65. Before the hospital filed its motion for leave, it disclosed its allegations about Abraham to a local newspaper and the local medical community. *Id.* Abraham sued the hospital for defamation, alleging that "LCH launched a personal attack on him" and damaged his personal and professional reputation. *See id.* The Court of Appeal affirmed dismissal of Abraham's complaint based on the litigation privilege, holding that the community in general, and the medical community in particular, "possessed a substantial interest in the outcome of the pending litigation and as such were 'participants' therein." *Id.* at 377; *see also Bylin Heating*, 2008 WL 744706, at *4; *Yokohama Rubber*, 2005 WL 6124310, at *3. *Abraham* controls here and bars Plaintiff's false-light claim.

### B. California's Common-Interest Privilege Bars Plaintiff's False-Light Claim.

Similarly, California's common-interest privilege, Cal. Civ. Code § 47(c), bars Plaintiff's false-light claim. The common-interest privilege shields a defendant from liability for any statement or publication made without malice "on a subject in which the speaker and hearer shared an interest or duty." *See Kashian*, 120 Cal. Rptr. 2d at 593. Courts have adopted an "eclectic approach" to interpreting the scope of the privilege, but at a minimum it applies to common interests based on familial, business, organizational, or other similar relationships. *See id.*

The privilege is implicated if the statements at issue were made to individuals or entities with a common interest in their subject matter. *Id.* at 594. Then, the

1  burden shifts to the plaintiff to establish that the defendant made the statement with
2  actual malice.  *Id.*  Under § 47(c), actual malice means "a state of mind arising from
3  hatred or ill will," *id.*, or that the defendant "lacked reasonable grounds to believe the
4  statement true and therefore acted with reckless disregard for plaintiff's rights,"
5  *Cabanas*, 942 F. Supp. at 1301 n.7.

6        Here, the allegations of the Complaint and the documents on which it relies
7  satisfy the initial requirement that the statements in question were made to those with
8  a relevant interest.  Plaintiff herself alleges that Siemens published the information at
9  issue to "others in the same personal and business circles and related industries."
10  (Compl. ¶ 60.)   As *Kashian* makes clear, those with familial, business, or
11  organizational interests with the parties or the subject matter have the relevant interest.
12  Indeed, as discussed above, the community of individuals and entities who sell power-
13  transmission systems to government customers have a clear interest in knowing
14  whether Plaintiff obtained or facilitated her "special unique . . . relationships [and]
15  contacts" among Chinese government officials (Compl. ¶ 18) through improper
16  means.  *See, e.g.*, *Kashian*, 120 Cal. Rptr. 2d at 606 (holding that common-interest
17  privilege applied to defendant's allegedly defamatory letter to plaintiff's competitors,
18  who shared defendant's interest in plaintiff's improper activities); *Family Home &*
19  *Finance Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir.
20  2008) (holding that common-interest privilege applied to defendant's allegedly
21  defamatory statements about plaintiff to other entities in the relevant industry);
22  *Cabanas*, 942 F. Supp. at 1303 (holding that common-interest privilege applied to
23  appraiser's allegedly defamatory statements about plaintiff to entity for which plaintiff
24  provided business services and its lender).  Similarly, those who have familial or
25  similar personal relations with the parties in question have the legally relevant interest.
26  *See Kashian*, 120 Cal. Rptr. 2d at 593.

27        Plaintiff, however, has not put forward specifics to show that Siemens acted
28  with malice.  In fact, the word "malice" does not appear anywhere in the Complaint.

1  Instead, Plaintiff alleges that Siemens sought to "deflect blame" for its conduct,
2  including Siemens AG's FCPA matters (Compl. ¶ 100), alleged (and irrelevant) price-
3  fixing (*id.* ¶ 63), and Defendant Ramaswami's alleged failure to pay Plaintiff's
4  purported success commission (*id.* ¶ 67).  None of these allegations establishes that
5  Siemens acted with ill will toward Plaintiff.  If anything, the Complaint's allegations
6  suggest only that Siemens sought to protect itself.

### C.  **Plaintiff's False-Light Claim Is Time-Barred.**

Finally, Plaintiff's false-light claim is time-barred.  The statute of limitations for false light is one year.  *See* Cal. Civ. Proc. Code § 340(c); *Cain v. State Farm Mut. Auto. Ins. Co.*, 132 Cal. Rptr. 860, 862 (Ct. App. 1976).  Plaintiff alleges that she ended her business relationship with Siemens AG "when Defendants cast Plaintiff in a false light" (Compl. ¶ 24), meaning that the alleged publication occurred ***before*** Plaintiff resigned on June 12, 2007.  (*Id.* ¶ 55(c); Ex. B.)  The Complaint thus alleges that the publication occurred more than one year before Plaintiff filed her original complaint on July 30, 2009.  Plaintiff's false-light cause of action therefore is time-barred.

### **CONCLUSION**

For the foregoing reasons, the Court should strike the Complaint's false-light cause of action and order Plaintiff to pay the Siemens Defendants' costs of bringing this motion.

12

DATED: March 29, 2010

Respectfully submitted,
KIRKLAND & ELLIS LLP

/s/ C. Robert Boldt
C. Robert Boldt (S.B.N. 180136)
robert.boldt@kirkland.com
David I. Horowitz (S.B.N. 248414)
david.horowitz@kirkland.com

Brant W. Bishop, P.C. (*pro hac vice*)
brant.bishop@kirkland.com
Tyler D. Mace (*pro hac vice*)
tyler.mace@kirkland.com
Peter A. Farrell (*pro hac vice*)
peter.farrell@kirkland.com

*Attorneys for Defendants*
*Siemens AG; Siemens Power Transmission and Distribution, LLC; and Siemens Corporation*

13