C. Robert Boldt (S.B.N. 180136)
robert.boldt@kirkland.com
David I. Horowitz (S.B.N. 248414)
david.horowitz@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Brant W. Bishop, P.C. (*pro hac vice*)
brant.bishop@kirkland.com
Tyler D. Mace (*pro hac vice*)
tyler.mace@kirkland.com
Peter A. Farrell (*pro hac vice*)
peter.farrell@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Attorneys for Defendants*
*Siemens AG; Siemens Power Transmission and*
*Distribution, LLC; and Siemens Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LAUREN SUN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SIEMENS AG; SIEMENS POWER TRANSMISSION AND DISTRIBUTION, LLC; SIEMENS CORPORATION USA; VELPANUR RAMASWAMI; AND DOES 1 THROUGH 50, inclusive,<br><br>　　　　Defendants. | CASE NO. CV 10-00174 SJO (SHx)<br><br>**SIEMENS AG, SIEMENS POWER TRANSMISSION AND DISTRIBUTION, LLC, AND SIEMENS CORPORATION'S REPLY IN SUPPORT OF THEIR MOTION TO STRIKE (CAL. CIV. PROC. CODE § 425.16)**<br><br>The Hon. S. James Otero<br><br>Hearing Date: Vacated<br>Time:<br>Courtroom: |

Forced to articulate a basis for her false-light claim, Plaintiff declares only that "Siemens may have made statements to the SEC" about her, presumes those statements were the basis for ¶ 46 of the SEC's complaint, and believes she is entitled to compensation because her friends and business associates learned about the SEC's allegations. (Sun Decl. ¶¶ 9-12; Montgomery Decl. ¶ 9.) In pressing that claim, Plaintiff asks the Court to accept the unfounded, radical proposition that it is illegal to cooperate with law-enforcement authorities, and that anyone who does so is liable if the government describes the conduct in a public charging document. None of Plaintiff's arguments has merit, and California law requires that her claim be stricken.

## I. THE ANTI-SLAPP STATUTE APPLIES TO PLAINTIFF'S FALSE-LIGHT CLAIM.

Plaintiff makes no effort to rebut Siemens' showing that her false-light claim is based on statements connected to an official proceeding, Cal. Civ. Proc. Code § 425.16(e)(2), and in furtherance of Siemens' right to speak about issues of public concern, *id.* § 425.16(e)(4)—effectively conceding that, by its terms, the anti-SLAPP statute applies to her claim. Instead, Plaintiff asserts that two supposed exceptions to those provisions—the holding of *Flatley v. Mauro* and the doctrine of unclean hands—bar Siemens' motion to strike. Plaintiff is wrong on both scores.

### A. *Flatley* Does Not Bar Siemens' Motion to Strike.

Plaintiff asserts that the anti-SLAPP statute does not apply to Siemens' statements to the SEC because Siemens' alleged disclosure about Plaintiff was illegal, and because Siemens was *in pari delicto* in that it disclosed its own conduct, too. Plaintiff argues that *Flatley* announced a new rule excluding from the anti-SLAPP statute conduct that was "illegal as a matter of law" and precluding a motion to strike any claim that alleges that the defendant's conduct was illegal. (Pl.'s Opp'n 6.) In other words, Plaintiff believes that Siemens cannot move to strike her false-light claim because the claim alleges that Siemens cast her in a false light.

The circularity of Plaintiff's assertion is obvious and would mean that *Flatley*'s

1

illegality exception swallows the anti-SLAPP procedural rule. For that reason, courts have rejected Plaintiff's argument, explaining that *Flatley*'s "use of the phrase 'illegal' was intended to mean criminal, and not merely violative of a statute." *See Mendoza v. ADP Screening & Selection Servs., Inc.*, 182 Cal. App. 4th 1644, 1654, 107 Cal. Rptr. 3d 294, 303 (Ct. App. 2010) ("[A] plaintiff's complaint **always** alleges a defendant engaged in illegal conduct in that it violated some common law standard of conduct or statutory prohibition, giving rise to liability, and we decline to give plaintiffs a tool for avoiding the application of the anti-SLAPP statute merely by showing any statutory violation."); *see also Flatley v. Mauro*, 39 Cal. 4th 299, 330, 139 P.3d 2, 22 (2006) ("Evaluating Mauro's conduct, we conclude that the letter and subsequent phone calls constitute criminal extortion as a matter of law."). For the *Flatley* exception to bar an anti-SLAPP motion, the false-light statements must **themselves** be criminal acts.

Plaintiff has not established that Siemens committed a crime when it allegedly disclosed information about her to the SEC, nor could she. Cooperating with law enforcement by providing information is wildly different from criminal extortion. Indeed, cooperation is both constitutionally protected and consistent with public policy. *See, e.g.*, *Hagberg v. Cal. Fed. Bank FSB*, 32 Cal. 4th 350, 362, 81 P.3d 244, 250 (2004) (noting the "importance of providing . . . free and open access to governmental agencies for the reporting of suspected illegal activity" (quotation omitted)); *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658, 673, 35 Cal. Rptr. 3d 31, 41 (Ct. App. 2005) (holding that defendants' statements "in court, or in anticipation of litigation with the SEC" were "classic petitioning activity"); *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1009, 113 Cal. Rptr. 2d 625, 640 (Ct. App. 2001) (holding that defendants' letter to the SEC describing plaintiff's improper conduct "qualified at least as a statement before an official proceeding" and that defendants' public disclosure of the letter "qualified as an issue of public interest" under the anti-SLAPP statute). Nor can that cooperation be re-characterized as a threat of violence, as Plaintiff vaguely suggests.

(Pl.'s Opp'n 11.) To the extent it exists at all (*id.* at 6), Siemens has made no threat of any kind to Plaintiff. Nor is Siemens responsible for the SEC's decision to include a statement about Plaintiff in its complaint (where it prudently withheld her name), Plaintiff's decision to identify herself through this suit, or the Government of China's decisions about how to enforce its laws. Any information Siemens provided to the SEC was not itself a threat of violence against Plaintiff. *Flatley* thus poses no bar to Siemens' motion to strike.

### B. The Doctrine of Unclean Hands Does Not Bar Siemens' Motion to Strike.

Plaintiff's argument that the doctrine of unclean hands bars Siemens' motion to strike is similarly contrary to California law. *See Aboui v. Watson*, No. C049902, 2007 WL 3015619, at *4 (Cal. Ct. App. Oct. 17, 2007) ("Aboui cited no authority for the proposition that an anti-SLAPP motion can be denied because the movant had unclean hands, and we are aware of none."). Nevertheless, Plaintiff asserts that *Peregrine Funding* "would indicate that Defendants cannot avoid equitable imposition of refusal of relief" even though "the positions here are reversed." (Pl.'s Opp'n 9.) *Peregrine Funding* does not support Plaintiff's assertion. There, the court applied unclean hands under the second prong of the anti-SLAPP analysis as a ***substantive*** defense to the plaintiff's claims because the plaintiff was *in pari delicto* with the defendants—a far cry from a confused attempt to use unclean hands under the first prong of the statutory analysis (in effect) as a defense to a defensive procedural rule. Unclean hands does not bar Siemens' motion.

### II. PLAINTIFF HAS NOT DEMONSTRATED A PROBABILITY OF PREVAILING ON HER FALSE-LIGHT CLAIM.

Because Siemens has established that the anti-SLAPP statute applies to her false-light claim, Plaintiff must establish that her claim is legally viable and supported by admissible evidence. She has not done so. The only statements she identifies are Siemens' alleged statements to the SEC about her conduct (Sun Decl. ¶ 10), but she never argues in her brief, declares, or otherwise demonstrates that Siemens told

anyone else that she had done something improper. Rather, she contends only that her friends and business associates in China "learned about the allegations" in the SEC's complaint, tarnishing her reputation. (*Id.* ¶ 12.) On that contention, Plaintiff's claim fails as a matter of law for three reasons.

First, Plaintiff fails to identify any written false statement that **Siemens** published to "the public in general or . . . a large number of persons." *See Cabanas v. Gloodt Assocs.*, 942 F. Supp. 1295, 1310 (E.D. Cal. 1996); *Greenly v. Sara Lee Corp.*, No. Civ. S-06-1775, 2008 WL 1925230, at *16 (E.D. Cal. Apr. 30, 2008). Even if Plaintiff's speculation that "Siemens may have made statements about [her] to the SEC" were admissible (and assuming those statements were written), her false-light claim still would fail because she does not identify any statement Siemens made to the public in general, as opposed to cooperating with the SEC in closed meetings. The only widely disseminated, written statement Plaintiff has identified is the **SEC's** allegation at ¶ 46 of its complaint, which cannot support a claim against Siemens because it was not published by Siemens.

Second, the litigation privilege applies to any statement to or by the SEC related to its enforcement action, barring Plaintiff's claim. Although Plaintiff attempts to save her claim from § 47(b),[1] she concedes that "an SEC investigation and a subsequent complaint fall within the purview" of the privilege. (Pl.'s Opp'n 10-11.)

Third, Plaintiff's claim is time-barred. Although she frivolously contends that the parties' tolling agreement tolled her false-light claim, she does not support that assertion by providing the tolling agreement. The reason is plain: The tolling agreement applied only to the four contract-related claims Plaintiff included in her

---

[1] Plaintiff attempts to save her claim by arguing (without citation) that "judicial decisions recognize that the statute should not be used as a sword instead of a shield," that the privilege does not apply to illegal conduct, and that (unidentified) "[t]hreats of violence are not protected by the First Amendment." (Pl.'s Opp'n 11.) These contentions are well beside the point: Siemens' motions to dismiss and to strike use the litigation privilege as a shield, Siemens' alleged statements to the SEC were not illegal, and Siemens has not threatened Plaintiff with violence.

original complaint. Accordingly, the relevant date for purposes of the one-year statute of limitations is January 11, 2010, when she filed her current complaint. Because Siemens must have made any statement to the SEC before the SEC filed its complaint on December 12, 2008, Plaintiff's false-light claim is untimely.

### III.   PLAINTIFF HAS NOT SHOWN GOOD CAUSE FOR DISCOVERY.

Having failed to meet her burden, Plaintiff asks the Court for leave to take discovery. Plaintiff's request should be denied because she has not shown good cause. Plaintiff has had weeks to prepare her response to Siemens' motions and months to gather proof in support of her claim. In that time, one would have expected, for example, that she would have obtained from her friends or business associates any relevant written publication they may have received. Plaintiff has not proffered such evidence (assuming it exists), nor has she identified any piece or category of evidence that could save her claim from dismissal. The good-cause standard requires more. *See New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1102 (C.D. Cal. 2004) ("Although Plaintiff has sought to defer this [anti-SLAPP] motion pending discovery, it has not stated with any degree of specificity what discovery it needs or how that discovery would bear on this motion."). So too here.

In any event, discovery cannot save Plaintiff's false-light claim from Siemens' motions to strike or to dismiss. As is plain from her complaint, her brief, and her declaration, Plaintiff's cause of action is based on Siemens' alleged statements to the SEC (or on no particular statement at all), meaning that her claim is barred under the litigation privilege and the statute of limitations regardless of any evidence she may discover. The Court therefore should deny her request for discovery.

### CONCLUSION

For the foregoing reasons, the Court should strike the Complaint's false-light claim and order Plaintiff to pay Siemens' costs of bringing its motion.

1
2   DATED: May 17, 2010				Respectfully submitted,
						KIRKLAND & ELLIS LLP
3
4						/s/ C. Robert Boldt
						C. Robert Boldt (S.B.N. 180136)
5						robert.boldt@kirkland.com

6						*Attorney for Defendants*
						*Siemens AG; Siemens Power Transmission and*
7						*Distribution, LLC; and Siemens Corporation*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28